1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

JUSTIN REESE, STEVEN COX, MICAH
WHITTENBORN and SHELBY BALL, on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

  v.

COMPLAINT – CLASS ACTION

CLASS ACTION COMPLAINT FOR
DAMAGES AND RESTITUTION

**JURY DEMAND**

15

16

17

18

DYCOM INDUSTRIES, INC., a Florida
corporation; PRINCE TELECOM, LLC, a
Delaware limited liability company, d/b/a
PRINCE TELECOM, INC.; and PRINCE
TELECOM HOLDINGS, INC., a Delaware
corporation,

      Defendants.

19

20

21

  Plaintiffs, by their undersigned attorneys, for their class action complaint against

Defendants allege as follows:

22

## I.  INTRODUCTION

23

24

25

26

  1.1  <u>Nature of Action</u>.  Plaintiffs Justin Reese, Steven Cox, Micah Whittenborn, and

Shelby Ball ("Plaintiffs") bring this action against Defendants Dycom Industries, Inc., Prince

Telecom, LLC, doing business as Prince Telecom, Inc., and Prince Telecom Holdings, Inc.

(collectively "Defendants") for engaging in a systematic scheme of wage and hour abuse

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   against non-managerial installation technicians in the State of Washington.  This scheme has

2   involved, among other things, failing to pay non-managerial installation technicians for all

3   hours worked, including overtime, failing to provide the technicians with rest and meal periods,

4   making improper deductions from the wages of the technicians, and failing to compensate the

5   technicians for paid time off benefits they have earned but not yet received at the time

6   employment is terminated.

7                          **II.  JURISDICTION AND VENUE**

8        2.1    Subject-Matter Jurisdiction.  This Court has original jurisdiction over all claims

9   asserted in the action pursuant to 28 U.S.C. § 1332.  Plaintiff Reese is a citizen of Oklahoma,

10  and Defendant Dycom Industries, Inc. is a citizen of Florida.  Likewise, Plaintiff Cox, Plaintiff

11  Whittenborn, Plaintiff Ball and other Class members are citizens of Washington, whereas

12  Defendant Dycom Industries, Inc. is a citizen of Florida and Defendants Prince Telecom, LLC,

13  doing business as Prince Telecom, Inc., and Prince Telecom Holdings, Inc. are both citizens of

14  Delaware.  Furthermore, the matter in controversy exceeds the sum or value of $5,000,000.

15       2.2    Personal Jurisdiction.  This Court also has personal jurisdiction over all

16  Defendants.  Defendants regularly conduct business and employ workers in Washington State.

17  Thus, Defendants have obtained the benefits of the laws of Washington as well as

18  Washington's commercial and labor markets.

19       2.3    Venue.  Venue is proper in King County because Defendants reside and transact

20  business in King County.

21       2.4    Governing Law.  The claims of Plaintiffs and the Class members asserted in this

22  class action complaint are brought solely under state law causes of action and are governed

23  exclusively by Washington law.  The claims of Plaintiffs and the Class members are individual

24  claims and do not unite or enforce a single title or right to which Plaintiffs and the Class have a

25  common and undivided interest.

26

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 2

1

### III.  PARTIES

2      3.1      Plaintiff Justin Reese.  Plaintiff Reese worked for Defendants as a non-

3  managerial installation technician in Washington State from approximately July 2006 to July

4  2008.  During that time, Defendants failed to pay Plaintiff Reese for all of the time that he

5  worked (including overtime), denied him the rest and meal periods to which he was entitled,

6  and wrongfully deducted expenses from his wages.

7      3.2      Plaintiff Steven Cox. Plaintiff Cox worked for Defendants as a non-managerial

8  installation technician in Washington State from approximately October 2005 to August 2008.

9  During that time, Defendants failed to pay Plaintiff Cox for all of the time that he worked

10  (including overtime), denied him the rest and meal periods to which he was entitled, and

11  wrongfully deducted expenses from his wages.

12      3.3      Plaintiff Micah Whittenborn. Plaintiff Whittenborn worked for Defendants as a

13  non-managerial installation technician in Washington State from approximately January 2005

14  to May 2007.  During that time, Defendants failed to pay Plaintiff Whittenborn for all of the

15  time that he worked (including overtime), denied him the rest and meal periods to which he

16  was entitled, wrongfully deducted expenses from his wages, and failed to compensate him for

17  paid time off benefits he had earned but not yet received at the time his employment was

18  terminated.

19      3.4      Plaintiff Shelby Ball. Plaintiff Ball worked for Defendants as a non-managerial

20  installation technician in Washington State from approximately February 2000 to February

21  2008.  During that time, Defendants failed to pay Plaintiff Ball for all of the time that he

22  worked (including overtime), denied him the rest and meal periods to which he was entitled,

23  and wrongfully deducted expenses from his wages.

24      3.5      Defendant Dycom Industries, Inc.  Dycom Industries, Inc. is a Florida

25  corporation with its headquarters in Palm Beach Gardens, Florida.  Dycom Industries, Inc. has

26  several offices in Washington and conducts business throughout the State, including King

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 3

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

County.  Dycom Industries, Inc. employs hundreds of non-managerial installation technicians in Washington State.

3.6     <u>Defendant Prince Telecom, LLC, doing business as Prince Telecom, Inc.</u>  Prince Telecom, LLC, doing business as Prince Telecom, Inc., is a Delaware limited liability company with its headquarters in New Castle, Delaware.  Prince Telecom, LLC has several offices in Washington and conducts business throughout the State, including King County.  Prince Telecom, Inc. employs hundreds of non-managerial installation technicians in Washington State.

3.7     <u>Defendant Prince Telecom Holdings, Inc.</u>  Prince Telecom Holdings, Inc. is a Delaware corporation with its headquarters in New Castle, Delaware.  Prince Telecom Holdings, Inc. has several offices in Washington and conducts business throughout the State, including King County.  Prince Telecom Holdings, Inc. employs hundreds of non-managerial installation technicians in Washington State.

## IV.  CLASS ACTION ALLEGATIONS

4.1     <u>Class Definition</u>: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs brings this case as a class action on behalf of a Class defined as follows:

> All current and former employees of Defendants who worked as non-managerial installation technicians in the state of Washington at any time from May 1, 2003 through the date of final disposition of this action.

4.2     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3     <u>Numerosity</u>.  Plaintiffs believe there are hundreds of current and former non-managerial installation technicians composing the Class.  The members of the Class are so numerous that joinder of all members is impracticable.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION - 4

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

4.4     Commonality.  There are numerous questions of law and fact common to Plaintiffs and Class members.  These questions include, but are not limited to, the following:

a.      Whether Defendants have engaged in a common course of failing to compensate non-managerial installation technicians for all hours worked, including overtime;

b.      Whether Defendants have engaged in a common course of requiring or permitting non-managerial installation technicians to work off the clock without compensation;

c.      Whether Defendants have engaged in a common course of requiring or permitting non-managerial installation technicians not to report all hours worked;

d.      Whether Defendants have engaged in a common course of failing to maintain true and accurate time records for all hours worked by non-managerial installation technicians;

e.      Whether Defendants have engaged in a common course of altering the time records of non-managerial installation technicians;

f.      Whether Defendants have engaged in a common course of failing to provide non-managerial installation technicians with rest periods;

g.      Whether Defendants have engaged in a common course of failing to provide non-managerial installation technicians with meal periods;

h.      Whether Defendants have engaged in a common course of making unlawful deductions from the wages of non-managerial installation technicians;

i.      Whether Defendants have engaged in a common course of failing to compensate to non-managerial installation technicians for paid time off benefits they have earned but not yet received at the time employment is terminated;

j.      Whether Defendants have violated RCW 49.46.130;

k.      Whether Defendants have violated WAC 296-128-550;

l.      Whether Defendants have violated RCW 49.46.090;

m.      Whether Defendants have violated WAC 296-126-021;

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 ● FAX 206.350.3528

1        n.       Whether Defendants have violated RCW 49.12.020;

2        o.       Whether Defendants have violated WAC 296-126-092;

3        p.       Whether Defendants have violated RCW 49.48.010;

4        q.       Whether Defendants have violated WAC 296-126-025;

5        r.       Whether Defendants have violated WAC 296-126-028;

6        s.       Whether Defendants have violated RCW 49.52.050;

7        t.       Whether Defendants' paid time off policy constituted a unilateral

8 contract offer to non-managerial installation technicians;

9        u.       Whether non-managerial installation technicians accepted and provided

10 consideration for that offer by performing work for Defendants;

11        v.       Whether Defendants breached the contract by failing to compensation

12 non-managerial installation technicians for paid time off benefits that had been earned but not

13 yet received at the time employment terminated;

14        w.       Whether Defendants have violated RCW 19.86.010 – .920; and

15        x.       The nature and extent of Class-wide injury and the measure of

16 compensation for such injury.

17        4.5     <u>Typicality</u>.  The claims of the representative Plaintiffs are typical of the claims

18 of the Class.  The Plaintiffs worked for Defendants as non-managerial installation technicians

19 and are members of the proposed Class.  Plaintiffs' claims, like the claims of the Class, arise

20 out of the same common course of conduct by Defendants and are based on the same legal and

21 remedial theories.

22        4.6     <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class.

23 Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with

24 significant experience in complex and class action litigation, including employment law.

25 Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the

26

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have

2   interests that are contrary to or that conflict with those of the proposed Class.

3       4.7     Predominance.  Defendants have engaged in a common course of wage and hour

4   abuse toward Plaintiffs and members of the Class.  The common issues arising from this

5   conduct that affect Plaintiffs and members of the Class predominate over any individual issues.

6   Adjudication of these common issues in a single action has important and desirable advantages

7   of judicial economy.

8       4.8     Superiority.  Plaintiffs and Class members have suffered and will continue to

9   suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a

10  class action, however, most Class members likely would find the cost of litigating their claims

11  prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation

12  because it conserves judicial resources, promotes consistency and efficiency of adjudication,

13  provides a forum for small claimants, and deters illegal activities.  Plaintiffs and their counsel

14  are unaware of any litigation that has already been commenced concerning Defendants' wage

15  and hour abuses in Washington.  Litigation of the claims should occur in this Court as all

16  claims are brought under Washington law.  There will be no significant difficulty in the

17  management of this case as a class action.  The Class members are readily identifiable from

18  Defendants' records.

19              **V.  SUMMARY OF FACTUAL ALLEGATIONS**

20      5.1     Common Course of Conduct.  Defendants have engaged in, and continue to

21  engage in, a common course of wage and hour abuse against non-managerial installation

22  technicians in the state of Washington.

23      5.2     Overtime.  Defendants' common course of wage and hour abuse includes

24  routinely failing to record and compensate non-managerial installation technicians for all hours

25  worked.  In particular, Defendants have required or permitted non-managerial installation

26  technicians to record fewer hours than they actually worked in order to avoid paying overtime

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 7

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  premiums.  Defendants have had actual or constructive knowledge of the fact that non-

2  managerial installation technicians are not being compensated for all hours worked, including

3  overtime hours.

4      5.3    Off-the-Clock Work.  Defendants' common course of wage and hour abuse

5  includes routinely failing to compensate non-managerial installation technicians for off-the-

6  clock work.  For example, Defendants regularly fail to provide non-managerial installation

7  technicians with meal periods, yet Defendants require or permit the technicians to deduct meal

8  time from their records of hours worked.  Defendants also require or permit non-managerial

9  installation technicians to do other work off the clock, such as completing paperwork and forms

10  and calling customers.  As a result of this off-the-clock work, Defendants' non-managerial

11  installation technicians are deprived of wages, including overtime wages.  Defendants have had

12  actual or constructive knowledge of the fact that non-managerial installation technicians are not

13  being compensated for off-the-clock work.

14      5.4    Rest and Meal Periods.  Defendants' common course of wage and hour abuse

15  includes routinely failing to provide non-managerial installation technicians with rest and meal

16  periods as required by law.  Defendants have had actual or constructive knowledge of the fact

17  that non-managerial installation technicians are not being allowed proper rest and meal periods.

18      5.5    Wage Deductions.  Defendants' common course of wage and hour abuse

19  includes routinely making improper deductions from the wages of non-managerial installation

20  technicians.  This includes but is not necessarily limited to the following: deductions for the

21  purchase of tools and equipment that are required or necessary to perform the job; deductions

22  for loss or damage of tools and equipment that are required or necessary to perform the job;

23  deductions for cell phones that are required or necessary to perform the job; deductions for the

24  purchase of uniforms; deductions for insurance on company vehicles.  In addition, Defendants

25  require non-managerial installation technicians to pay for the fuel necessary to transport

26  company vehicles to and from job sites.  These fuel expenses are incurred in the furtherance of

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION - 8

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

Defendants' interest because transportation to and from job sites is incident of and necessary to the technicians' employment.  Defendants fail to fully reimburse the non-managerial installation technicians for those fuel expenses and as a result, the unreimbursed out-of-pocket expenses are essentially deducted from the wages of the technicians.  Defendants derive a financial profit or benefit from all of these deductions.  Defendants have had actual or constructive knowledge of the fact that these deductions are being taken from the wages of non-managerial installation technicians.

5.6   Paid Time Off Benefits.  Defendants' common course of wage and hour abuse includes routinely failing to compensate non-managerial installation technicians for paid time off benefits they have earned but not yet received at the time employment is terminated. Defendants have had actual or constructive knowledge of the fact that non-managerial installation technicians are not being compensated for these paid time off benefits.

## VI.  FIRST CLAIM FOR RELIEF
### (Violations of RCW 49.46.130 and WAC 296-128-550 — Failure to Pay Overtime)

6.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2   RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

6.3   WAC 296-128-550  provides that "employees who are compensated on a . . . piece rate . . . basis, rather than an hourly wage rate, unless specifically exempt, are entitled to one and one-half times the regular rate of pay for all hours worked in excess of 40 per week."

6.4   WAC 296-128-550 further provides that overtime "may be paid at one and one-half times the piecework rate during the overtime period, or the regular rate of pay may be determined by the amount of compensation received per week by the total number of hours

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION - 9

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

worked that week.  The employee is entitled to one and one-half times the regular rate arrived at for all hours worked in excess of 40 per week."

6.5     By the actions alleged above, including the failure to pay non-managerial technicians for all hours worked in excess of 40 per week, Defendants have violated the provisions of RCW 49.46.130 and WAC 296-128-550.

6.6     As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiffs and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## VII.  SECOND CLAIM FOR RELIEF
### (Violations of RCW 49.46.090 and WAC 296-126-021 —
### Failure to Pay Minimum Wage)

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     RCW 49.46.090 provides that employers must pay employees all wages to which the employees are entitled under the Washington Minimum Wage Act.  If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employee.

7.3     WAC 296-126-021 provides that where employees are paid on a piecework basis, wholly or partially, "[t]he total wages paid for such period shall be computed on the hours worked in that period resulting in no less than the applicable minimum wage rate."

7.4     By the actions alleged above, including the failure to pay non-managerial technicians for all hours worked per week, Defendants have violated the provisions of RCW 49.46.090 and WAC 296-126-021.

7.5     As a result of the unlawful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and, pursuant to

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  RCW 49.46.090, are entitled to recovery of such damages, including interest thereon, as well as

2  attorneys' fees and costs.

3  ### VIII.  THIRD CLAIM FOR RELIEF
   ### (Violations of RCW 49.12.020 and WAC 296-126-092 —
4  ### Failure to Provide Rest and Meal Periods)

5      8.1    Plaintiffs reallege and incorporate by reference each and every allegation set

6  forth in the preceding paragraphs.

7      8.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington

8  demands that all employees be protected from conditions of labor which have a pernicious

9  effect on their health.  The state of Washington, therefore, exercising herein its police and

10  sovereign power declares that inadequate wages and unsanitary conditions of labor exert such

11  pernicious effect."

12      8.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in

13  any industry or occupation within the state of Washington under conditions of labor detrimental

14  to their health."

15      8.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means

16  and includes the conditions of rest and meal periods" for employees.

17      8.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest

18  and meal periods during their shifts.

19      8.6    By the actions alleged above, including the failure to provide non-managerial

20  installation technicians with proper rest and meal periods, Defendants have violated the

21  provisions of RCW 49.12.020 and WAC 296-126-092.

22      8.7    As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been

23  deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class are

24  entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees

25  pursuant to RCW 49.48.030 and costs.

26

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 11

## IX.  FOURTH CLAIM FOR RELIEF
### (Violations of RCW 49.48.010 —
### Failure to Pay Wages Owed at Termination)

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

9.3     The term "wages" includes back pay, paid time off benefits, and other compensation due to an employee by reason of employment.

9.4     By the actions alleged above—including the failure to compensate non-managerial installation technicians for all hours worked (such as overtime and off-the-clock work), the failure to compensate technicians for missed rest breaks, and the failure to compensate technicians for earned but unused paid time off benefits—Defendants have violated the provisions of RCW 49.48.010.

9.5     As a result of Defendants' unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class members are entitled to such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## X.  FIFTH CLAIM FOR RELIEF
### (Violations of RCW 49.48.010, RCW 49.12.450, and WAC 296-126-025 —
### Unlawful Deductions from Final Wages)

10.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2     RCW 49.48.010 provides that it is unlawful "for any employer to withhold or divert any portion of an employee's wages."

10.3     RCW 49.12.450 provides that employers may not make deductions from employee wages for uniforms.

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

10.4    WAC 296-126-025 provides that an employer may not make deductions from an employee's final wages except in limited circumstances.

10.5    By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010, RCW 49.12.450, and WAC 296-126-025.

10.6    As a result of Defendants' unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class members are entitled to such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## XI.  SIXTH CLAIM FOR RELIEF
### (Violations of RCW 49.12.020, RCW 49.12.450, and WAC 296-126-028 — Unlawful Deductions from Wages During Ongoing Employment)

11.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

11.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

11.4    Improper deductions constitute a withholding of wages that renders the wages "inadequate" under RCW 49.12.010.

11.5    RCW 49.12.450 provides that employers may not make deductions from employee wages for uniforms.

11.6    WAC 296-126-028 provides that an employer may not make deductions from an employee's wages during ongoing employment except in limited circumstances.

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION - 13

11.7    By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, RCW 49.12.450, and WAC 296-126-028.

11.8    As a result of the wrongful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## XII.  SEVENTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 —
### Willful Refusal to Pay Wages)

12.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2    RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.  The statute further provides that any employer or agent of any employer who "[s]hall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee" shall be guilty of a misdemeanor.

12.3    Defendants' violations of RCW 49.46.130 and WAC 296-128-550, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

12.4    Defendants' violations of RCW 49.46.090 and WAC 296-126-021, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

12.5    Defendants' violations of RCW 49.12.020 and WAC 296-126-092, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

12.6    Defendants' violations of RCW 49.48.010, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 14

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

12.7    Defendants' violations of RCW 49.48.010, RCW 49.12.450, and WAC 296-126-025, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

12.8    Defendants' violations of RCW 49.12.020, RCW 49.12.450, and WAC 296-126-028, as discussed above, were willful and thus constitute violations of RCW 49.52.050.

12.9    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

12.10   By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

12.11   As a result of the willful, wrongful acts of Defendants, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## XIII.  EIGHTH CLAIM FOR RELIEF
### (Breach of Contract)

13.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2    Defendants' written paid time off policy constituted a unilateral contract offer to Plaintiffs and Class members.

13.3    Plaintiffs and Class members accepted and provided consideration for Defendants' offer by performing work for Defendants, thereby executing the contract.

13.4    Defendants breached the contract by failing to compensate Plaintiff Whittenborn and other Class members for the paid time off benefits that had been earned but not yet received at the time employment terminated.

13.5    As a result of the wrongful acts of Defendants, Plaintiff Whittenborn and Class members have been deprived of compensation in amounts to be determined at trial, and

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1   Plaintiff Whittenborn and Class members are entitled to recovery of such damages, including

2   interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

3                    **XIV.  NINTH CLAIM FOR RELIEF**
                     **(Violation of RCW 19.86.010 − .920 —**
4                    **Unfair or Deceptive Acts or Practices)**

5           14.1    Plaintiffs reallege and incorporate by reference each and every allegation set

6   forth in the preceding paragraphs.

7           14.2    Defendants have engaged in unfair or deceptive acts or practices by engaging in

8   the following courses of conduct: (i) failing to pay non-managerial installation technicians for

9   all hours worked, including overtime; (ii) requiring or permitting non-managerial installation

10  technicians to work off the clock; (iii) failing to maintain true and accurate time records; (iv)

11  failing to provide non-managerial installation technicians with proper rest and meal breaks; (v)

12  improperly deducting expenses from the wages of non-managerial installation technicians; (vi)

13  failing to compensate non-managerial installation technicians for paid time off benefits they

14  have earned but not yet received at the time employment is terminated; (vii) violating RCW

15  49.46.130 and WAC 296-128-550; (viii) violating RCW 49.46.090 and WAC 296-126-021;

16  (ix) violating RCW 49.12.020 and WAC 296-126-092; (x) violating RCW 49.48.010; (xi)

17  violating RCW 49.12.450; (xii) violating WAC 296-126-025 and WAC 296-128-028; and (xiii)

18  violating RCW 49.52.050.

19          14.3    Defendants' unfair and deceptive acts and practices repeatedly occurred in

20  Defendants' trade or business and were capable of deceiving a substantial portion of the public,

21  particularly since Defendants solicit non-managerial installation technicians from Washington's

22  general labor market.

23          14.4    Defendants unfair and deceptive acts and practices affect the public interest

24  because they are a repeated part of Defendants' general course of business and have impacted

25  numerous individuals.  Moreover, Defendants receive services from non-managerial

26  installation technicians for which Defendants do not pay, unlike Defendants' competitors.

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 16

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

14.5    As a direct and proximate cause of Defendants' unfair and deceptive acts and practices, Plaintiffs and the Class have been injured and are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

## XV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

15.1    Certification of the proposed plaintiff Class;

15.2    A declaration that Defendants are financially responsible for notifying all Class members of its wage and hour violations;

15.3    Appoint Plaintiffs Reese, Cox, Whittenborn, and Ball as representatives of the Class;

15.4    Appoint the undersigned counsel as counsel for the Class;

15.5    Declare that Defendants' actions complained of herein violate RCW 49.46.130, WAC 296-128-550, RCW 49.46.090, WAC 296-126-021, RCW 49.12.020, WAC 296-126-092, RCW 49.48.010, RCW 49.12.450, WAC 296-126-025, WAC 296-126-028, RCW 49.52.050, and RCW 19.86.010 − .920, and constitute a breach of contract;

15.6    Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

15.7    Award Plaintiffs and the Class compensatory and exemplary damages, as allowed by law;

15.8    Award Plaintiffs and the Class attorneys' fees and costs, as allowed by law;

15.9    Award Plaintiffs and the Class prejudgment and post-judgment interest, as provided by law; and

15.10   Grant such other and further relief as the Court deems necessary, just, and proper.

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 17

# XVI.  JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED this 1st day of May, 2009.

TERRELL MARSHALL & DAUDT PLLC

By: _____

Beth E. Terrell, WSBA #26759
Email: bterrell@tmdlegal.com
Toby J. Marshall, WSBA #32726
Email: tmarshall@tmdlegal.com
Jennifer R. Murray, WSBA #36983
Email: jmurray@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone: 206.816.6603
Facsimile: 206.350.3528

THE SCOTT LAW GROUP, PS

Darrell W. Scott, WSBA #20241
Email: darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
Email: matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, Washington  99201
Telephone: 509.455.3966
Facsimile: 509.455.3906

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT FOR DAMAGES AND
RESTITUTION - 18

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528