1

THE HONORABLE MARSHA J. PECHMAN

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRICT OF WASHINGTON

10

JUSTIN REESE, STEVEN COX, MICAH
WITTENBORN and SHELBY BALL, on

11

behalf of themselves and all others similarly
situated,

12

13

Plaintiffs,

14

v.

15

DYCOM INDUSTRIES, INC., a Florida
corporation; PRINCE TELECOM, LLC, a

16

Delaware limited liability company, f/k/a
PRINCE TELECOM, INC.,

17

Defendants.

18

CLASS ACTION

NO. C09-0606 MJP

**PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT**

**NOTE ON MOTION CALENDAR:
JANUARY 8, 2010**

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. C09-0606 MJP

1

**TABLE OF CONTENTS**

2

**Page No.**

3
I.     INTRODUCTION AND RELIEF REQUESTED ........................................................ 1

4
II.    STATEMENT OF FACTS................................................................................................ 1

5
    A.    Factual and Procedural Background.................................................................. 1

6

7
    B.    Plaintiffs' Counsel Thoroughly Investigated the Claims of the Proposed Class................................................................................................... 3

8
III.   AUTHORITY AND ARGUMENT ................................................................................ 7

9

10
    A.    Settlement and Class Action Approval Process ................................................ 7

11
        1.    The Settlement Is a Product of Serious, Informed and Arm's-Length Negotiations.................................................................. 9

12

13
        2.    The Settlement Provides Substantial Relief to the Settlement Class and Treats All Settlement Class Members Fairly ................................................................................ 10

14

15
        3.    The Settlement Is Fair and Reasonable in Light of the Alleged Claims and Defense ........................................................... 11

16

17
        4.    The Settlement Class Representative Enhancement Awards Are Reasonable....................................................................... 12

18
        5.    The Fees and Costs Payment Is Fair and Reasonable ......................... 12

19

20
            a.    The Percentage of the Fund Analysis Supports Counsel's Fee Request ......................................................... 13

21
            b.    Lodestar Analysis Supports Counsel's Fee Request ............... 16

22
    B.    Provisional Certification of the Settlement Class Is Appropriate ................... 20

23
    C.    The Proposed Notice Program Is Constitutionally Sound............................... 22

24
    D.    The Scheduling of a Final Fairness Hearing Is Appropriate ........................... 23

25

26
IV.   CONCLUSION ............................................................................................................. 23

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - i
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1

2

**TABLE OF AUTHORITIES**

3

**Page No.**

4

**FEDERAL CASES**

5

*Barcia v. Contain-A-Way,*
6     No. 07 cv 938-IEG-JMA, 2009 WL 587844 (S.D. Cal. March 6, 2009) ........................15

7

*Behrens v. Wometco Enter., Inc.,*
8     118 F.R.D. 534 (S.D. Fla. 1988) ...............................................................................19

9

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) .....................................................................................20

10

11

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980) ...................................................................................................14

12

*Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec Litig.),*
13     19 F.3d 1291 (9th Cir. 1994) .....................................................................................13

14

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992) .....................................................................................7

15

16

*Connor v. Automated Accounts, Inc.,*
    202 F.R.D. 265 (E.D. Wash. 2001) ...........................................................................21

17

18

*Glass v. UBS Fin. Servs., Inc.,*
    331 Fed. Appx. 452, 2009 WL 1360920 (9th Cir. May 14, 2009) .................................16

19

*Grays Harbor Adventist Christian Sc. v. Carrier Corp.,*
20     No. C05-5437, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ................................18

21

*Hansen v. Ticket Track, Inc.,*
    213 F.R.D. 412 (W.D. Wash. 2003) ...........................................................................20

22

23

*Hopson v. Hanesbrands Inc.,*
    No. CV-08-0844 EDL, 2009 WL 928133 (N.D. Cal. April 3, 2009).............................15

24

*Hughes v. Microsoft Corp.,*
25     No. C98-1646C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ..............................9

26

*In re Activision Sec. Litig.,*
    723 F. Supp. 1373 (N.D. Cal. 1989).........................................................................14

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - ii
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ........................................................19

*In re Media Vision Tech. Sec. Litig.*,
913 F. Supp. 1362 (N.D. Cal. 1996)..............................................................19

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
227 F.R.D. 553 (W.D. Wash. 2004) .................................................................9

*Keith v. Volpe*,
86 F.R.D. 565 (C.D. Cal. 1980)......................................................................19

*Knight, et al. v. Red Door Salons, Inc.*,
No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009).......................16

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001) ........................................................................21

*Mills v. Electric Auto-Lite Co.*,
396 U.S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970) ...................................19

*Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*,
762 F.2d 1093 (D.C. Cir. 1985).......................................................................8

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ........................................................................17

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ........................................................................................22

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ..........................................................................................9

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989) ..........................................................................13

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009) ......................................................18

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ........................................................................................22

*Rodriguez v. Carlson*,
166 F.R.D. 465 (E.D. Wash. 1996) .................................................................20

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - iii
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) .........................................................................22

*Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) .......................................................................13

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ...........................................................................13

*Van Vranken v. Atlantic Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ................................................................19

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .............................................................13, 14, 16, 19

*Wright v. Linkus Enter., Inc.*,
    259 F.R.D. 468 (E.D. Cal. 2009) ...................................................................13

## STATE CASES

*Bowers v. Transamerica Title Ins. Co.*,
    100 Wn.2d 581, 675 P.2d 193 (1983) ............................................................16

*Bowles v. Dep't of Ret. Sys.*,
    121 Wn.2d 52, 847 P.2d 440 (1993) ........................................................13, 19

## RULES

Fed. R. Civ. P. 23 ...................................................................................*Passim*

## SECONDARY AUTHORITIES

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.25
    (4th ed. 2002)..................................................................................................8

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41
    (4th ed. 2002)..................................................................................................7

*Manual for Complex Litigation (Third)* § 30.42 (1995)........................................9

*Manual for Complex Litigation (Fourth)* § 13.14 (2009)......................................8

*Manual for Complex Litigation (Fourth)* § 14.121 (2009)..................................16

*Manual for Complex Litigation (Fourth)* § 14.122 (2009)............................16, 18

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - iv
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1

*Manual for Complex Litigation (Fourth)* §§ 21.632 – 21.634 (2009)..................................7, 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 ● FAX 206.350.3528

1

## I.  INTRODUCTION AND RELIEF REQUESTED

2          Plaintiffs respectfully move the Court for preliminary approval of the class action

3  settlement agreement reached between Plaintiffs and Defendants.  For the reasons set forth in

4  this memorandum and the supporting documents, the settlement agreement is fair and

5  reasonable and serves the best interests of the class members.  Accordingly, Plaintiffs

6  respectfully request that the Court take the following initial steps in the settlement approval

7  process: (1) grant preliminary approval of the settlement agreement, including the settlement

8  payment to the class and the fees and costs payment to class counsel; (2) provisionally certify

9  the proposed settlement class; (3) appoint as class counsel the law firms of Terrell Marshall &

10  Daudt PLLC and The Scott Law Group, P.S.; (4) approve the proposed notice plan and the

11  class notice and claim forms; (5) appoint The Garden City Group, Inc. to serve as the

12  independent claims administrator; and (6) schedule the final fairness hearing and related dates

13  as proposed by the parties.

## II.  STATEMENT OF FACTS

14

15  **A.      Factual and Procedural Background**

16          Defendants Dycom Industries, Inc. and Prince Telecom, LLC f/k/a Prince Telecom, Inc.

17  (collectively, "Prince Telecom") are in the business of providing cable, internet, and

18  telecommunications installation services at locations around the country.  In Washington,

19  Prince Telecom's primary customers are Comcast and Charter Communications.  When

20  Comcast receives a cable subscription order from a homeowner, for example, Comcast will hire

21  Prince Telecom to provide the installation service.  Prince Telecom's installation technicians

22  travel throughout the state to complete their work.

23          Plaintiffs allege that since May 1, 2005, Prince Telecom has engaged in a systematic

24  course of wage and hour violations with respect to non-managerial installation technicians

25  employed in Washington.  Plaintiffs allege these violations have taken three primary forms:

26  (1) Prince Telecom has knowingly failed to provide employees with rest and meal breaks; (2)

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   Prince Telecom has knowingly failed to pay employees for all hours worked, particularly

2   overtime; and (3) Prince Telecom has knowingly, and improperly, made deductions from

3   employee wages.

4        On May 1, 2009, Plaintiffs Justin Reese, Steven Cox, Micah Wittenborn, and Shelby

5   Ball filed a class action complaint in this Court against Dycom Industries, Inc., Prince Telecom,

6   LLC d/b/a Prince Telecom, Inc., and Prince Telecom Holdings, Inc. *See generally* Class

7   Action Complaint for Damages and Restitution (Dkt. No. 7). Plaintiffs claimed Prince

8   Telecom's wage and hour practices were in violation of Washington law, and Plaintiffs sought

9   damages and restitution on behalf of themselves and all similarly situated non-managerial

10  installation technicians. *Id*. Plaintiffs brought the action as a class action pursuant to Rule 23

11  of the Federal Rules of Civil Procedure. *Id*.

12       On June 18, 2009, after independently confirming information learned from Prince

13  Telecom's counsel, Plaintiffs amended their complaint to remove Prince Telecom Holdings,

14  Inc. as a Defendant and to dismiss a breach of contract claim for unpaid vacation pay.

15  Declaration of Toby J. Marshall in Support of Motion for Preliminary Approval of Settlement

16  ("Marshall Decl.") ¶ 3. The next day, Plaintiffs filed a Second Amended Complaint to correct

17  a clerical error regarding the class period. *Id*.

18       Shortly after Plaintiffs filed their Second Amended Complaint, Prince Telecom's

19  counsel contacted Plaintiffs' counsel to discuss an early resolution to the case. *Id*. ¶ 4. The

20  parties engaged in extensive negotiations over the following several months, including two

21  lengthy in-person settlement conferences. *Id*. At all times the negotiations were adversarial,

22  non-collusive, and at arm's length. *Id*. The discussions culminated in a Stipulation of

23  Settlement Between Plaintiffs and Defendants (hereinafter "Stipulation of Settlement"), which

24  is on file with the Court. *Id*. ¶ 6; *see also* Dkt. No. 25.

25       As part of their settlement agreement, the parties agreed that the Second Amended

26  Complaint should be amended to add a cause of action under the federal Fair Labor Standards

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1   Act ("FLSA").  *Id.*  ¶ 7.  Pursuant to Rule 15(a)(2), Plaintiffs filed a stipulation and proposed

2   order seeking permission to file their Third Amended Class Action Complaint for Damages and

3   Restitution, which the Court granted.  *See* Dkt. No. 23.  That complaint was filed on December

4   10, 2009.  *See* Dkt. No. 24.

5   **B.      Plaintiffs' Counsel Thoroughly Investigated the Claims of the Proposed Class**

6           Before filing the action in May 2009, Plaintiffs' counsel spent approximately six weeks

7   investigating the allegations made by Prince Telecom's employees, researching related legal

8   issues, and preparing the complaint.  Marshall Decl. at ¶ 8.  After the complaint was filed,

9   Plaintiffs' counsel propounded a public disclosure request to the Washington State Department

10  of Labor & Industries and received responsive documents relating to the allegations.  *Id.*

11  Plaintiffs' counsel then conducted substantial discovery, requesting and receiving thousands of

12  pages of documents from Prince Telecom, including timekeeping records, earnings statements,

13  personnel files, employee handbooks, drive time policies, tool and uniform deduction policies,

14  and cell phone deduction documents.  *Id.* ¶ 9.  In addition, Prince Telecom produced charts

15  containing information regarding the piece rates Prince Telecom paid to installation

16  technicians.  *Id.*  These documents permitted Plaintiffs' counsel to further analyze the factual

17  bases for their claims and to calculate class-wide damages.

18          Plaintiffs' counsel also spent a considerable amount of time interviewing current and

19  former Prince Telecom employees.  *Id.* ¶ 10.  Along with their mediation materials, Plaintiffs'

20  counsel provided Prince Telecom with declarations from eight class members and were

21  prepared to provide several more if necessary.  *Id.*  In all, Plaintiffs' counsel estimate that they

22  interviewed close to thirty employees who worked for Prince Telecom throughout Washington.

23  *Id.*  These interviews proved very helpful in allowing counsel to assess the strengths and

24  weaknesses of the class claims.  *Id.*

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

C.      **The Proposed Settlement**

      The terms of the parties' agreement are contained within the Stipulation of Settlement. *See generally* Stipulation of Settlement (Dkt. No. 25).  For purposes of preliminary approval, Plaintiffs offer the following summary.

      The proposed settlement class will include all current and former employees of Prince Telecom who have worked as installation technicians in the State of Washington from May 1, 2005 through December 18, 2009 (the "Settlement Class").  *Id.* ¶ 5.  For the benefit of this Settlement Class, Prince Telecom will pay a minimum of $1,400,000 ("Minimum Settlement Amount") and a maximum of $2,200,000 ("Maximum Settlement Amount") into a settlement fund.  *Id.* ¶ 11.  Prince Telecom will pay the Minimum Settlement Amount if 50 percent or fewer of the Settlement Class members submit qualified claims under the settlement.  *Id.*  If more than 50 percent but less than 100 percent of the Settlement Class members submit qualified claims, Prince Telecom will pay the amount between $1,400,000 and $2,200,000 that is proportional to the percentage of qualified claims made between 50 and 100 percent.  *Id.* Each percentage point equals an additional $16,000.  *Id.*  For example, if 55.4 percent of the Settlement Class members submit qualified claims, Defendant shall be required to pay a total of $1,486,400 [($1,400,000) + (5.4 x $16,000) = $1,486,400].  *Id.*  Defendants will pay the Maximum Settlement Amount if 100 percent of the Settlement Class members submit qualified claims.  *Id.*  The total amount Prince Telecom is obligated to pay to resolve this action, which is based on the percentage of Settlement Class members submitting qualified claims, is referred to in the settlement agreement as the Gross Fund Value ("GFV").  *Id.*

      If approved by the Court, each of the four Settlement Class representatives will receive a $1,000 enhancement award from the GFV.  *Id.* ¶ 14(b).  These awards will compensate the representatives for their time and effort and for the risk they undertook in prosecuting the cases against Prince Telecom.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    In addition, any Court-approved notice and claims administration costs, attorneys' fees,

2    and litigation expenses will be deducted from the GFV.  *Id.* ¶ 12.  Plaintiffs' counsel estimate

3    that the notice and claims administration costs will be approximately $39,000 if 50 percent of

4    the Settlement Class members submit qualified claims and $50,000 if 75 percent of the

5    Settlement Class members submit qualified claims.  Marshall Decl. ¶ 13.  Once the claims

6    deadline passes and the number of qualified claims is known, Plaintiffs' counsel will submit the

7    precise costs of notice and claims administration to the Court for final approval.  *Id.*

8    As for attorneys' fees, Plaintiffs' counsel are applying for an award of $500,000, which

9    is 22.7 percent of the Maximum Settlement Amount.  This request is not opposed.  An award of

10   attorneys' fees will compensate and reimburse Plaintiffs' counsel for the work they have

11   already performed in this case as well as the work remaining to be performed in documenting

12   the settlement, securing Court approval of the settlement, making sure that the settlement is

13   fairly administered and implemented, and obtaining dismissal of the action.  *See* Stipulation of

14   Settlement (Dkt. No. 25) ¶ 14(a).  Plaintiffs' counsel also seeks an award of $4,734.43 in

15   litigation expenses from the GFV, which is the amount of expenses actually incurred in

16   litigating this action (excluding the costs of notice and claims administration).  Marshall Decl.

17   ¶ 22; Zuchetto Decl. ¶ 8.

18   The remainder of the settlement fund, which is defined in the Stipulation of Settlement

19   as the "Net Fund Value" or "NFV," will be distributed proportionately to Settlement Class

20   members who have submitted valid and timely claim forms.  *See* Stipulation of Settlement

21   (Dkt. No. 25) ¶ 14(c).  The amount of each member's share will be based on the length of time

22   the member worked as a non-managerial installation technician in Washington.  *Id.*

23   Accordingly, a Settlement Class member who worked for two years will receive twice as much

24   as a Settlement Class member who worked for one year.  Marshall Decl. ¶ 12.  Assuming the

25   Court grants the requested claims administration costs, attorneys' fees, and litigation expenses,

26   Plaintiffs estimate that the minimum share per Settlement Class member for one month of

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    work will be approximately $129.00, which means the estimated minimum share for one year

2    of work will be about $1,548.00.  *Id*.  A Settlement Class member who worked the entire class

3    period (4.6 years) will be entitled to recover over $7,100.00.  *Id*.

4         In exchange for the benefits allowed under the settlement, Settlement Class members

5    who do not opt out will release every claim, right, cause of action, loss or liability whatsoever

6    that has been or could have been asserted in these actions against Defendants and related

7    entities and individuals regarding Prince Telecom's alleged failure to pay wages or otherwise

8    comply with applicable state and federal laws and regulations.  Stipulation of Settlement (Dkt.

9    No. 25) ¶ 16.

10        If the Court grants preliminary approval, the claims administrator will mail notice forms

11   directly to Settlement Class members that inform the members of the settlement and their rights

12   under it.  Stipulation of Settlement ¶¶ 14(c), 16 & Ex. A.  Included with each notice will be a

13   claim form for members to complete in order to recover money from the settlement fund.  *Id.*,

14   Ex. B.  Each claim form will be individualized, listing the member's employment tenure and

15   estimated minimum recovery.  *Id.* ¶ 14(c) & Ex. B.  If necessary, Settlement Class members

16   will have an opportunity to correct the tenure information provided on the claim forms.  *Id*.

17   The claim form also clearly provides that by submitting a claim, the Settlement Class member

18   is agreeing to "opt-in" to the FLSA portion of the action.  *Id.*, Ex. B.

19        Once the claims administrator completes the initial mailing of notice to the Settlement

20   Class, members will have forty-five days to submit their claim forms.  *Id.* ¶ 14(c).  If a notice

21   form is returned as undeliverable and then mailed a second time, the Settlement Class member

22   to whom it is resent will have a total of sixty days to submit his claim form.  *Id*.  Settlement

23   Class members will also have forty-five to sixty days from the date of initial mailing to submit

24   a written request to be excluded from or opt out of the Settlement Class.  *Id*.  Once this period

25   has passed, assuming the Court has granted final approval, the claims administrator will

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  calculate the proportionate recoveries of qualified claimants and issue checks to those

2  individuals.  *Id.*

3                    **III.  AUTHORITY AND ARGUMENT**

4  **A.      Settlement and Class Action Approval Process**

5          As a matter of express public policy, federal courts strongly favor and encourage

6  settlements—particularly in class actions and other complex matters, where the inherent costs,

7  delays and risks of continued litigation might otherwise overwhelm any potential benefit the

8  class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

9  1992) ("strong judicial policy . . . favors settlements, particularly where complex class action

10  litigation is concerned"); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg on Class*

11  *Actions* ("*Newberg*") § 11.41 (4th ed. 2002) (gathering cases).  Individual litigation, the

12  traditional means for handling claims like those at issue here, would unduly tax the court

13  system, would require a massive expenditure of public and private resources and, given the

14  relatively small value of the claims of the individual Settlement Class members, would be

15  impracticable.  The proposed settlement therefore is the best vehicle for Settlement Class

16  members to receive the relief to which they are entitled in a prompt and efficient manner.

17          The *Manual for Complex Litigation* describes a three-step procedure for approval of

18  class action settlements:

19              1.    Preliminary approval of the proposed settlement based on
                      briefing or an informal hearing;

20
21              2.    Dissemination of notice of the settlement to all affected
                      class members; and

22              3.    A "formal fairness hearing" or final settlement approval
                      hearing, at which class members may be heard regarding

23                    the settlement, and at which evidence and argument
                      concerning the fairness, adequacy and reasonableness of

24                    the settlement may be presented.

25  *Manual for Complex Litigation (Fourth)* ("*MCL 4th*") §§ 21.632 – 21.634, at 484–85 (2009).

26  This procedure, which is used by courts in this Circuit and endorsed by class action

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    commentator Professor Herbert Newberg, safeguards Settlement Class members' due process

2    rights and enables the Court to fulfill its role as the guardian of Settlement Class interests. *See*

3    *Newberg* § 11.24.

4         The Court's preliminary approval will allow all Settlement Class members to receive

5    notice of the proposed settlement's terms and the date and time of the final settlement approval

6    hearing, at which Settlement Class members may be heard regarding the settlement, and at

7    which further evidence and argument concerning the fairness, adequacy, and reasonableness of

8    the settlement may be presented. *See MCL 4th* §§ 13.14 & 21.634, at 233–35, 485.

9    **B.      The Parties' Settlement Meets the Criteria for Preliminary Approval**

10        The purpose of preliminary evaluation of proposed class action settlements is to

11   determine whether the settlement is within the "range of reasonableness," and thus whether

12   notice to the Settlement Class of the settlement's terms and the scheduling of a formal fairness

13   hearing is worthwhile. *Newberg* at § 11.25. The decision to approve or reject a proposed

14   settlement is committed to the Court's sound discretion. *See Moore v. Nat'l Ass'n of Sec.*

15   *Dealers, Inc.,* 762 F.2d 1093, 1106 (D.C. Cir. 1985) ("Rule 23 places the determination [to

16   approve or reject a proposed settlement] within the sound discretion of the trial judge who can

17   be sensitive to the dynamics of the situation"); *see also City of Seattle*, 955 F.2d at 1276.

18        Neither formal notice nor a hearing is required at the preliminary approval stage. The

19   Court may grant such relief upon an informal application by the settling parties, or even on the

20   basis of information already known, at the Court's discretion. *MCL 4th* § 21.632, at 484–85.

21        While consideration of the requirements for <u>final</u> approval is unnecessary at this stage,

22   the settlement proposed here not only meets the criteria for preliminary approval but also meets

23   the heightened standard for final approval because it is "fundamentally fair, adequate, and

24   reasonable" for the reasons set forth below. *City of Seattle*, 955 F.2d at 1276. This proves the

25   settlement is "within the range of reasonableness" and should be preliminarily approved.

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1       1.    <u>The Settlement Is a Product of Serious, Informed and Arm's-Length</u>
              <u>Negotiations</u>

Courts recognize that arm's-length negotiations conducted by competent counsel after extensive discovery are *prima-facie* evidence of fair settlements. As the United States Supreme Court has held: "One may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining, unhindered by any considerations tugging against the interests of the parties ostensibly represented in the negotiation." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999); *see also Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.") (citing *Manual for Complex Litigation (Third)* § 30.42 (1995)); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations").

In this case, the parties participated in extensive negotiations over several months, including two lengthy, in-person settlement conferences. Marshall Decl. ¶ 4. In advance of those meetings, the parties exchanged several detailed letters that addressed the strengths and weaknesses of their respective positions and the relevant facts and law. *Id.* Counsel for the parties also exchanged documentary and testimonial evidence. *Id.* The second settlement conference, which was held on November 12, 2009, lasted thirteen hours and culminated in an agreement on the major terms of the settlement. *Id.* Those terms included Prince Telecom's payment of a minimum of $1,400,000 a maximum of $2,200,000 in benefits to the Settlement Class. *Id.* The remaining details of the settlement and the language of the stipulation and exhibits were worked out by the parties over the next few weeks. *Id.* On December 18, 2009, the parties formally signed the Stipulation of Settlement. *Id.*

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    The settlement is the result of intensive, arm's-length negotiations between experienced

2    attorneys who are highly familiar with class action litigation in general and with the legal and

3    factual issues of this case in particular.  Marshall Decl. ¶¶ 14−18; Zuchetto Decl. ¶¶ 2-4.

4    Plaintiffs' counsel are particularly experienced in the litigation, certification, trial, and

5    settlement of wage and hour cases similar to this case.  *See generally id.*  In negotiating this

6    settlement, Plaintiffs' counsel had the benefit of many years of prior experience working on

7    similar cases.  *See generally id.*

8    Furthermore, the four Class representatives worked with Plaintiffs' counsel before,

9    during, and after the settlement negotiations to help counsel fully understand and respond to

10   factual issues and to ensure fairness of any settlement.  Marshall Decl. ¶ 14; Zuchetto Decl. ¶ 3.

11   Finally, as discussed in Section II.B above, counsel spent a considerable amount of time

12   engaging in discovery, reviewing documents, interviewing witnesses, and analyzing legal

13   issues related to the lawsuit's claims.  The named Plaintiffs and Plaintiffs' counsel support the

14   settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

15   Marshall Decl. ¶ 14; Zuchetto Decl. ¶ 3.

16        2.    The Settlement Provides Substantial Relief to the Settlement Class
               and Treats All Settlement Class Members Fairly

17

18   The proposed settlement provides substantial monetary relief to the Settlement Class.

19   For the benefit of the named Plaintiffs and Settlement Class members, Prince Telecom has

20   agreed to pay a Minimum Settlement Amount of $1,400,000 into a settlement fund.

21   Stipulation of Settlement ¶ 11.  This number may increase to a Maximum Settlement Amount

22   of $2,200,000 depending on the number of Settlement Class members who submit qualified

23   claims.  *Id.*  This fund will cover payments to the Settlement Class, notice and administration

24   costs, and reasonable attorneys' fees and litigation expenses, as approved by this Court.  *Id.*

25   The funds distributed to the Settlement Class will be allocated in a manner that is fair

26   and reasonable, and no segment of the Settlement Class is excluded from relief or consigned to

     inferior benefits.  *See id.* ¶ 14(c).  Each member's share will be based on the length of time the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

member worked for Prince Telecom as a non-managerial installation technician in Washington during the class period. *Id*. The estimated minimum share for each year of work by a member will be approximately $1,548.00. Marshall Decl. ¶ 12. The average employment tenure with Prince Telecom is 41.85 weeks, which results in an average recovery of approximately $1,245.00. *Id*. The named Plaintiffs are estimated to recover the following amounts:

| NAME | TENURE | ESTIMATED RECOVERY |
|---|---|---|
| Reese | 108.3 weeks | $ 3,205.00 |
| Cox | 153.3 weeks | $ 4,537.00 |
| Wittenborn | 64.9 weeks | $ 1,921.00 |
| Ball | 147 weeks | $ 4,351.00 |

   3.   <u>The Settlement Is Fair and Reasonable in Light of the Alleged Claims and Defenses</u>

      Entering into mediation Plaintiffs and Plaintiffs' counsel were confident in the strength of their case but also pragmatic in their awareness of the risks inherent to litigation and the various defenses available to Prince Telecom. The reality that class members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiffs and Plaintiffs' counsel that the settlement reached with Prince Telecom outweighs the gamble of continued litigation.

      Throughout the negotiation process, for example, Prince Telecom has steadfastly maintained that Plaintiffs overstate the time it takes installation technicians to load and unload their equipment, maintain their vehicles, complete required paper work, and drive to and from their jobs. Marshall Decl. ¶ 4. Likewise, Prince Telecom has maintained that Settlement Class members received adequate rest and meal breaks, and the company has denied liability for cell phone and tool and equipment deductions. *Id*. If Prince Telecom were able to convince a jury

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 11
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1   that Plaintiffs' allegations were overstated or unfounded, Prince Telecom could effectively

2   reduce the recoverable damages or eliminate them altogether.

3          Another risk Plaintiffs faced going forward is that this Court would decline to certify

4   this case as a class action.  Prince Telecom has strenuously denied that class certification is

5   appropriate in this case.  *Id.*  If Prince Telecom were able to present convincing facts to support

6   the company's position, the Court could have refused to certify the class, leaving only the

7   named Plaintiffs to pursue their claims.

8          Finally, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiffs

9   did prevail, any recovery could be delayed for years by an appeal.  The settlement obtained

10  provides substantial monetary relief to Settlement Class members without further delay.

11         4.     The Settlement Class Representative Enhancement Awards Are Reasonable

12         Subject to Court approval, the settlement agreement provides that each of the four

13  named Plaintiffs may be paid reasonable incentive compensation of $1,000 out of the GFV.

14  This compensation to the named Plaintiffs is in recognition of their substantial service to and

15  efforts on behalf of the proposed Settlement Class.  All of them greatly assisted Plaintiffs'

16  counsel in investigating the claims, preparing the complaint, contacting additional witnesses,

17  and understanding the factual background of the lawsuit.  Each was prepared to participate in

18  written discovery, was prepared to testify at deposition or trial, and was consulted throughout

19  settlement negotiations and during mediation.  Marshall Decl. ¶ 22.  This compensation is in

20  addition to the relief the named Plaintiffs will be entitled to under the terms of the settlement.

21  Stipulation of Settlement (Dkt. No. 25) ¶ 14(b).

22         5.     The Fees and Costs Payment Is Fair and Reasonable

23         Pursuant to the settlement agreement, Plaintiffs' counsel seek an award of $500,000 for

24  their attorneys' fees and litigation expenses.  This amounts to 22.7% of the settlement fund,

25  also referred to as the "common fund."  Prince Telecom does not contest Plaintiffs' counsel's

26  application.  Where counsel to a class action seek fees from the common fund, courts use one

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  of two methods to determine whether the request is reasonable: the "percentage of the fund"

2  method or the "lodestar" method.  Plaintiffs' counsel's request for fees is reasonable under

3  either analysis.

4         *a. The Percentage of the Fund Analysis Supports Counsel's Fee Request*

5         The benchmark for an attorneys' fee award in the Ninth Circuit and Washington State is

6  twenty-five percent of the common fund.  *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,

7  1376 (9th Cir. 1993) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311

8  (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989));

9  *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72–73, 847 P.2d 440 (1993).  When examining

10 fees, "district courts in the Ninth Circuit 'should be guided by the fundamental principle that

11 fee awards out of common funds be *reasonable under the circumstances*.'"  *Wright v. Linkus*

12 *Enter., Inc.*, 259 F.R.D. 468, 476 (E.D. Cal. 2009) (citing *Chem. Bank v. City of Seattle (In re*

13 *Wash. Pub. Power Supply Sys. Sec Litig.)*, 19 F.3d 1291, 1296 (9th Cir. 1994) (internal

14 quotations omitted and emphasis in original)).  "In looking at the circumstances of each case,

15 relevant factors may include early settlement, achievement of an excellent result, risk, and a

16 showing of standard fees for similar litigation."  *Wright*, 259 F.R.D. at 476−77 (citing *Vizcaino*

17 *v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).

18        All four factors demonstrate that Plaintiffs' counsel's request for $500,000 in attorneys'

19 fees (22.7 percent of the common fund) is reasonable under the circumstances.  First, Plaintiffs'

20 counsel have worked hard to achieve an early resolution of this case.  *See generally* Marshall

21 Decl.; Zuchetto Decl.  After the lawsuit was filed, Plaintiffs' counsel obtained substantial

22 informal discovery from Prince Telecom, including information including wage and hour

23 policies, payroll records, and personnel files.  *Id.*  Plaintiffs' counsel then spent numerous hours

24 analyzing the documents Prince Telecom provided, requesting supplementation, and

25 calculating damages.  *Id.*  In addition, Plaintiffs' counsel spent substantial time interviewing

26 potential class members, evaluating their claims, and drafting declarations to submit in support

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 13
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    their mediation papers.  *Id.*  By working hard to accomplish these tasks in a short time frame,

2    Plaintiffs' counsel were able to efficiently negotiate a favorable and timely result for the

3    Settlement Class members.

4         Of course, because of the early settlement, Plaintiffs' counsel have spent fewer hours

5    prosecuting this action than they would have had the case proceeded to trial.  However, the

6    common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit

7    without contributing to its cost are unjustly enriched at the successful litigant's expense." *See*

8    *Wright*, 259 F.R.D. at 477 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, (1980)).

9    Therefore, "awarding Plaintiffs' attorneys a percentage of the total settlement amount w[ill]

10   adequately compensate Plaintiffs' counsel for the proposed settlement at an early stage in the

11   litigation." *Id.*  Moreover, awarding Plaintiffs' counsel a reasonable percentage of the common

12   fund promotes the public policy of encouraging timely settlements. *Vizcaino*, 290 F.3d at 1051

13   (noting "it may be a relevant circumstance that counsel achieved a timely result for class

14   members in need of immediate relief"); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373,

15   1378 (N.D. Cal. 1989) (approving fee awards that amount to 30 percent of the common fund in

16   part because such a benchmark "will encourage plaintiffs' counsel to move for early

17   settlement").  Thus, the first factor weighs in favor of finding that the requested fee award is

18   reasonable.

19        Second, Plaintiffs' counsel have achieved an excellent result for the Settlement Class.

20   The settlement agreement creates a total maximum award of $2,200,000.   After deducting the

21   requested claims administration costs, attorneys' fees, and litigation expenses, each Settlement

22   Class member will be entitled to an average recovery of approximately $1,240.00.   By

23   comparison, in *Wright*—a case that involved facts and allegations similar to those here—the

24   average class member was entitled to approximately $625.00.  *See Wright*, 259 F.R.D. at 471

25   (class consisted of approximately 4,000 individuals, and defendant agreed to pay up to

26   $2,500,000).  Indeed, compared to other recent Ninth Circuit wage and hour settlements, it is

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 14
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   clear that Plaintiffs' counsel here achieved exceptional results for the class in a very short time.

2   *Cf., e.g.*, *Barcia v. Contain-A-Way*, No. 07 cv 938-IEG-JMA, 2009 WL 587844, *4 (S.D. Cal.

3   March 6, 2009) (approving settlement of $2.5 million on behalf of 2,385 workers alleging

4   unpaid wages, penalties for missed rest breaks, and ERISA benefits, with an average award of

5   $776.00 per class member after fees and costs); *Hopson v. Hanesbrands Inc.*, No. CV-08-0844

6   EDL, 2009 WL 928133, *2–3 (N.D. Cal. April 3, 2009) (approving settlement between a class

7   of 217 employees and employer where settlement payment to class was approximately

8   $280,350.00 and average award was $1,292 per member).  Given the results achieved, the

9   requested fee is reasonable.

10      Third, Plaintiffs' counsel have devoted substantial resources to the prosecution of this

11  case with no guarantee that counsel would be compensated for their time or reimbursed for

12  their expenses.  *See* Section III.B.5.b, *infra*.  To the contrary, payment of counsel's fees and

13  expenses has always been contingent on a successful recovery of damages.  Thus, there was a

14  substantial risk of nonpayment.  Moreover, the Court has not yet certified the case as a class

15  action, and Prince Telecom has steadfastly denied that class certification was appropriate.[1]

16  Prince Telecom also has denied liability for the claims Plaintiffs' have asserted.  Even if

17  Plaintiffs ultimately prevail at trial, a result that is not guaranteed, they likely face a long and

18  costly appeals process.

19      Fourth, Plaintiffs' request is in line with fees requested in similar actions.  Plaintiffs'

20  counsel have requested 22.7 percent of the common fund, an amount which is <u>lower</u> than the

21  25-percent benchmark in the Ninth Circuit and Washington.  In addition, the requested fee is

22  consistent with fees awarded in recent Ninth Circuit cases involving similar wage and hour

23  claims.  *See Wright*, 259 F.R.D. at 476 (granting class counsel's request for $625,000 in

24  attorneys' fees and costs which amounted to 25 percent of the $2,500,000 common fund);

25

26  [1] For settlement purposes only, Prince Telecom has conditionally stipulated to class certification.  *See* Stipulation of Settlement ¶ 6.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 15
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    *Barcia,* 2009 WL 587844, *6 (same); *Hopson,* 2009 WL 928133, *12–13 (approving attorneys'

2    fee award that amounted to approximately 25 percent of the common fund); *Knight v. Red*

3    *Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367 at *6 (N.D. Cal. Feb. 2, 2009)

4    (awarding fees amounting to 30 percent of the common fund); *Glass v. UBS Fin. Servs., Inc.*,

5    331 Fed. Appx. 452, 2009 WL 1360920, *2 (9th Cir. May 14, 2009) (affirming trial court's

6    decision to award class counsel fees amounting to 25 percent of the common fund).

7        In short, Counsel's fee request is reasonable under the "percentage of the fund" method.

8    While this approach provides an independent ground for granting the fee request, a "cross-

9    check" under the lodestar method also demonstrates that Counsel's request is reasonable.  *See*

10   *MCL 4th* § 14.121 (noting "[a] number of courts favor the lodestar as a backup or cross-check

11   on the percentage method when the fees might be excessive").

12           *b.   Lodestar Analysis Supports Counsel's Fee Request*

13       "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by

14   multiplying the reasonable hours expended by a reasonable hourly rate.  *See generally Bowers*

15   *v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-99, 675 P.2d 193, 203-04 (1983).  The

16   court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonable

17   fee."  *Id.*; *see also Vizcaino*, 290 F.3d at 1052–54 (approving multiplier of 3.65 and citing a

18   survey of class settlements from 1996-2001 indicating that most multipliers range from 1.0 to

19   4.0); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994)

20   (citations omitted).  Upward adjustments may be appropriate based on the results obtained, the

21   quality of representation, the complexity and novelty of the issues presented, the risk of

22   nonpayment, and any delay in payment.  *MCL 4th* § 14.122, at 261.

23       Since the commencement of this action in May 2009, Plaintiffs' counsel have incurred

24   more than $169,000 in fees and expended more than $2,000 in litigation expenses related to the

25   prosecution of this action.  Counsel estimate they will incur an additional $40,000 in fees to

26   prosecute the case through final settlement approval.  In all, Plaintiffs' counsel have devoted

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 16
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   more than 650 hours to the investigation, development, litigation and resolution of this complex

2   case. *See* Marshall Decl. ¶ 19; Zuchetto Decl. ¶ 7. This includes time spent investigating the

3   claims of the Settlement Class Members, conducting discovery, researching and analyzing legal

4   issues, calculating damages, and engaging in settlement negotiations.[2]

5        At the time of settlement, Plaintiffs' counsel had already started making preparations to

6   file of their motion for class certification, which was due on November 30, 2009. Marshall

7   Decl. ¶ 11. They had identified several employees who would submit declarations in support

8   of the motion and had begun to marshal the many documents that would be used to support the

9   class allegations. *Id*. After mediation, Plaintiffs' counsel worked extensively with Prince

10   Telecom's counsel to iron out a written settlement agreement. *Id*. ¶ 6. Plaintiffs' counsel also

11   assisted with drafting the exhibits to the agreement, including the settlement notice and claim

12   forms. *Id*. Plaintiffs' counsel then prepared the motion for preliminary approval along with

13   supporting declarations. *Id*.

14        Throughout this case, Plaintiffs' counsel prosecuted the claims of the employees

15   efficiently and effectively. Knowing it was possible they would never be paid for their work,

16   counsel had no incentive to act in a manner that was anything but economical. *See Moreno v.*

17   *City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend

18   unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too

19   uncertain, as to both the result and the amount of the fee."). That said, counsel took their

20   charge seriously and endeavored to represent the interests of the class members to the greatest

21   extent possible.

22        The lodestar calculations of Plaintiffs' counsel are based on reasonable hourly rates.

23   Plaintiffs' counsel set their rates for attorneys and staff members based on a variety of factors,

24   including among others: the experience, skill and sophistication required for the types of legal

25

26   [2] In providing this general overview, Plaintiffs and Class counsel do not waive and, in fact, specifically reserve all
protections afforded by the attorney-client privilege and work product doctrine.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 17
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    services typically performed; the rates customarily charged in the markets where legal services

2    are typically performed; and the experience, reputation and ability of the attorneys and staff

3    members.  Marshall Decl. ¶ 20; Zuchetto Decl. ¶ 7.  The rates charged for attorneys and staff

4    members working on this matter range from $50.00 to $490.00, with the majority of the work

5    performed by Mr. Marshall at an hourly rate of $300.00 and Mr. Zuchetto at an hourly rate of

6    $260.00.  *See* Marshall Decl. ¶ 20; Zuchetto Decl. ¶ 7, 11.  Recently, a Washington federal

7    court found rates significantly higher than these were "reasonable for the work performed in

8    each of [Counsel's] respective communities by attorneys of similar skill, experience, and

9    reputation."  *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326 (W.D. Wash. 2009)

10   (approving hourly rates for work performed in Seattle that ranged from $415 to $760); *see also*

11   *Grays Harbor Adventist Christian Sc. v. Carrier Corp.*, No. C05-5437, 2008 WL 1901988, at

12   *3 (W.D. Wash. Apr. 24, 2008) (approving class counsel's hourly rates following a

13   reasonableness review).  In light of the detailed breakdown provided by counsel in their

14   respective declarations, and the arguments offered above, Plaintiffs' counsel submit that their

15   lodestar calculations are based on reasonable rates.

16          The fee requested by Plaintiffs' counsel reflects a multiplier of 2.39 on their total

17   lodestar.  Such a multiplier is reasonable given the outstanding result Plaintiffs' counsel have

18   achieved for the Settlement Class, the risks involved in taking the legal claims to trial, and the

19   complexity of the case.  *See MCL 4th* § 14.122, at 261.  As noted above, Plaintiffs have

20   negotiated an excellent settlement for the Settlement Class.  Further, while Plaintiffs' counsel

21   were confident in their ability to succeed at class certification and at trial, success was by no

22   means guaranteed, especially considering Prince Telecom's substantial opposition and the

23   complexity of the issues involved.  Because Plaintiffs' counsel agreed to prosecute this case on

24   contingency with no guarantee of ever being paid, they faced substantial risk should they

25   proceed to trial.

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 18
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    Furthermore, Plaintiffs' requested multiplier falls well-within the range of multipliers

2    approved in a common fund case.  *See Bowles*, 121 Wn.2d at 73 (approving multiplier of 3.0);

3    *Vizcaino*, 290 F.3d at 1051, n.6 (approving multiplier of 3.65 and noting awards up to 19.6,

4    with a majority in the 1.5 to 3.0 range); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294,

5    298 (N.D. Cal. 1995) (noting multipliers in the 3.0 to 4.0 range "are common in lodestar

6    awards for lengthy and complex litigation") (citing *Behrens v. Wometco Enter., Inc.*, 118

7    F.R.D. 534, 539 (S.D. Fla. 1988) (awarding multiplier of 3.0 and commenting, "[t]he range of

8    lodestar multiples in large and complicated class actions runs from a low of 2.26 to a high of

9    4.5")); *Keith v. Volpe*, 86 F.R.D. 565, 575–77 (C.D. Cal. 1980) (awarding multiplier of 3.5)).

10   In light of this authority, Plaintiffs' request for a multiplier of 2.39 is appropriate and should be

11   granted.

12   The litigation expenses Plaintiffs' counsel incurred in this case include the following:

13   (1) copying, mailing, and messenger expenses; (2) computer research expenses; (3) factual

14   investigation expenses; and (4) travel expenses.  *See* Marshall Decl. ¶ 22; Zuchetto Decl. ¶ 8.

15   These out-of-pocket costs were necessary to secure the resolution of this litigation.  *See In re*

16   *Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that

17   costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs,

18   computerized legal research fees, and mediation expenses are relevant and necessary expenses

19   in a class action litigation).  "Reasonable costs and expenses incurred by an attorney who

20   creates or preserves a common fund are reimbursed proportionately by those class members

21   who benefit from the settlement."  *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362,

22   1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392, 90 S. Ct.

23   616, 24 L. Ed. 2d 593 (1970)).

24   All in all, Plaintiffs' counsel worked hard to bring this case to a successful resolution in

25   the face of a staunch defense, and the fees and costs payment provided for in the settlement is

26   fair and reasonable.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 19
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

**B.**      **Provisional Certification of the Settlement Class Is Appropriate**

This Court has not yet certified this case as a class action.  For settlement purposes, Plaintiffs respectfully request that the Court provisionally certify the following class: all current and former employees of Prince Telecom who have worked as non-managerial installation technicians in the State of Washington from May 1, 2005 through December 18, 2009.  *See* Stipulation of Settlement ¶ 5.  Provisional certification will allow the Settlement Class to receive notice of the settlement and its terms, including the right to submit a claim and recover money if the settlement is approved, the right to be heard on the settlement's fairness, the right to opt out of the settlement, and the date, time and place of the formal settlement hearing.  *Id.* ¶ 18, Exs. A–B.  For settlement purposes, Prince Telecom has conditionally stipulated that Plaintiffs satisfy the class certification requirements set forth in Rule 23.  *Id.* ¶ 6.

1.   The Requirements of Rule 23 Are Satisfied

Certification of the Settlement Class for settlement purposes is appropriate under Rule 23(a) and (b)(3).  The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 1,332 current and former employees spread throughout the state of Washington, and joinder of all such employees is impracticable.  *See* Fed. R. Civ. P. 23(a)(1); *see also Rodriguez v. Carlson*, 166 F.R.D. 465, 471 (E.D. Wash. 1996).   The commonality requirement is satisfied because there are many questions of law and fact common to the Settlement Class, questions that center on Prince Telecom's employment practices.  *See* Fed. R. Civ. P. 23(a)(2); *see also Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 414 (W.D. Wash. 2003); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).  The typicality requirement is satisfied because Plaintiffs' claims arise from the same course of conduct that gives rise to the claims of other Settlement Class members.  *See* Fed. R. Civ. P. 23(a)(3); *see also Rodriguez*, 166 F.R.D. at 472.  The adequacy of representation requirement is satisfied because Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of the Settlement Class.  *See* Fed. R. Civ. P. 23(a)(4); *see also Rodriguez*, 166 F.R.D. at 473.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 20
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    The predominance requirement of Rule 23(b)(3) is satisfied because common questions

2    present a significant aspect of the case and can be resolved for all Settlement Class members in

3    a single adjudication.  *See* Fed. R. Civ. P. 23(b)(3); *see also Local Joint Exec. Bd. of*

4    *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

5    Because the claims are being certified for purposes of settlement, there are no issues with

6    manageability, and resolution of more than 1,332 claims in one action is far superior to

7    individual lawsuits and promotes consistency and efficiency of adjudication.  *See* Fed. R. Civ.

8    P. 23(b)(3); *see also Connor v. Automated Accounts, Inc.*, 202 F.R.D. 265, 271−72 (E.D. Wash.

9    2001).  For these reasons, certification of the Settlement Class for purposes of settlement is

10   appropriate.

11       2.   Certification of the FLSA Claims Is Appropriate

12       In addition to their state-law claims, Plaintiffs assert claims under the FLSA.  This act

13   expressly authorizes employees to sue for unpaid overtime wages not only on their own behalf,

14   but also as a collective action on behalf of "other employees similarly situated."  29 U.S.C.

15   § 216(b).  Unlike a class action, in which employees are members of the class unless they

16   affirmatively opt out, each individual member (or "party plaintiff") of an FLSA collective

17   action must affirmatively opt in to the case by filing a written consent to join the suit.

18       Here, Plaintiffs satisfy the FLSA requirements because Plaintiffs' claims arise from the

19   same course of conduct that gives rise to the claims of other Settlement Class members.  Thus,

20   the named Plaintiffs and Settlement Class members are similarly situated.  Further, the

21   Settlement Agreement's notice program satisfies the FLSA's "opt in" requirements because the

22   claim form clearly provides that by submitting a claim, the Settlement Class member has

23   agreed to "opt in" to the FLSA action.  *See* Stipulation of Settlement, Ex. B.

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 21
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

## C.     The Proposed Notice Program Is Constitutionally Sound

To protect their rights, the Court must provide class members with the best notice practicable regarding the proposed settlement. Fed. R. Civ. P. 23(c)(2).[3]  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Settlement Class members can be reasonably identified through Prince Telecom's own records, which contain information on all hourly employees within the statutory time period, including each person's last known phone number, address, and Social Security Number. Marshall Decl. ¶ 23.  Plaintiffs propose sending notice in the form attached as Exhibit A to the Stipulation of Settlement directly via First Class mail to all persons who worked as hourly employees for Prince Telecom in Washington during the period May 1, 2005 through December 18, 2009.  *See* Stipulation of Settlement ¶ 14(c).  If any notices are returned as undeliverable, the claims administrator will make reasonable attempts to determine a current mailing address and will promptly re-mail the notice to any new addresses disclosed through such efforts.  *Id*.  This approach will ensure that direct notice reaches as many Settlement Class members as possible.

The language of the proposed notice and accompanying claim form is plain and easily understood, providing neutral and objective information about the nature of the settlement.  The notice and claim form include the definition of the Settlement Class, a statement of each Settlement Class member's rights (including the right to opt-out of the Settlement Class or object to the settlement), detailed explanations of how to submit a claim and share in the settlement funds, a statement of the consequences of remaining in the Settlement Class, an explanation of how Settlement Class members can exclude themselves from the Settlement

---

[3] *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best notice practicable" under the circumstances with description of the litigation and explanation of opt-out rights satisfies due process); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding "[w]e do not believe that *Shutts* changes the traditional standard for class notice from 'best practicable' to 'actually received' notice").

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 22
CASE NO. C09-0606 MJP

1    Class or object to the settlement, and methods for contacting Plaintiffs' counsel and obtaining

2    more information.  *See* Stipulation of Settlement, Exs. A−B.

3         Plaintiffs submit that the notice program outlined in the settlement agreement is the best

4    practicable notice under the circumstances of this case, and will be highly effective.

5    **D.    The Scheduling of a Final Fairness Hearing Is Appropriate**

6         The last step in the settlement approval process is a final fairness hearing at which the

7    Court may hear all evidence and argument necessary to make its final evaluation.  Proponents

8    of the settlement may explain the terms and conditions of the settlement and offer argument in

9    support of final approval.  In addition, Settlement Class members, or their counsel, may be

10   heard in support of or in opposition to the settlement agreement.  After this hearing, the Court

11   will determine whether the settlement should be finally approved, and whether to enter a final

12   order and judgment under Rule 23(e).  Plaintiffs request that the Court set a date for a hearing

13   on final approval at the Court's convenience at least 101 days after the date this motion was

14   filed.[4]

15                              **IV.  CONCLUSION**

16        For all of the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant

17   preliminary approval of the settlement agreement, including the settlement payment to the

18   Settlement Class and the fees and costs payment to Plaintiffs' counsel; (2) provisionally certify

19   the proposed Settlement Class; (3) appoint as Settlement Class counsel the law firms of Terrell

20   Marshall & Daudt PLLC and The Scott Law Group, P.S.; (4) approve the proposed notice plan

21   and the notice and claim form; (5) appoint The Garden City Group, Inc. to serve as the

22   independent claims administrator; and (6) schedule the final fairness hearing and related dates

23   as proposed by the parties.

24

25   ───────────────────
     [4] An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of
26   the dates on which the appropriate federal and state officials are served with the notice required under 28 U.S.C.
     § 1715(b).  *See* 28 U.S.C. § 1715(d).  Defendants must serve such notice not later than 10 days after the proposed
     settlement is filed with the Court.  *See* 28 U.S.C. § 1715(b).

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY          **TERRELL MARSHALL & DAUDT PLLC**
APPROVAL OF CLASS ACTION SETTLEMENT - 23             3600 Fremont Avenue North
CASE NO. C09-0606 MJP                                Seattle, Washington  98103
                                                     TEL. 206.816.6603 • FAX 206.350.3528

1

DATED this 23rd day of December, 2009.

2

TERRELL MARSHALL & DAUDT PLLC

3

4

By: /s/ Toby J. Marshall, WSBA # 32726
     Beth E. Terrell, WSBA #26759

5

     Email: bterrell@tmdlegal.com
     Toby J. Marshall, WSBA #32726

6

     Email: tmarshall@tmdlegal.com
     Jennifer R. Murray, WSBA #36983

7

     Email: jmurray@tmdlegal.com
     3600 Fremont Avenue North

8

     Seattle, Washington  98103
     Telephone: 206.816.6603

9

     Facsimile: 206.350.3528

10

     Darrell W. Scott, WSBA #20241

11

     Email: darrellscott@mac.com
     Matthew J. Zuchetto, WSBA #33404

12

     Email: matthewzuchetto@mac.com
     THE SCOTT LAW GROUP, PS

13

     926 West Sprague Avenue, Suite 680

14

     Spokane, Washington  99201
     Telephone: 509.455.3966

15

     Facsimile: 509.455.3906

16

     *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 24
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

## CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on December 23, 2009, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

DLA PIPER US LLP

Stellman Keehnel
Email: stellman.keehnel@dlapiper.com
Nicole Tadano
Email: nicole.tadano@dlapiper.com
701 Fifth Ave., Suite 7000
Seattle, Washington 98104-7044
Telephone: 206.839.4800

Grant Alexander
Email: grant.alexander@dlapiper.com
Eric S. Beane
Email: eric.beane@dlapiper.com
1999 Avenue of the Stars, Suite 400
Los Angeles, California 90067-6023
Telephone: (310) 595 – 3000
Facsimile: (310) 595 - 3300

THE SCOTT LAW GROUP, PS

Darrell W. Scott, WSBA #20241
Email: darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
Email: matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, Washington  99201
Telephone: 509.455.3966
Facsimile: 509.455.3906

*Attorney for Defendants*          *Co-counsel for Plaintiffs*

DATED this 23rd day of December, 2009.

TERRELL MARSHALL & DAUDT PLLC

By: /s/ Toby J. Marshall, WSBA # 32726
    Beth E. Terrell, WSBA #26759
    Email: bterrell@tmdlegal.com
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@tmdlegal.com
    Jennifer R. Murray, WSBA #36983
    Email: jmurray@tmdlegal.com
    3600 Fremont Avenue North
    Seattle, Washington  98103
    Telephone: 206.816.6603
    Facsimile: 206.350.3528

*Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 25
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528