THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JUSTIN REESE, STEVEN COX, MICAH
WITTENBORN and SHELBY BALL, on
behalf of themselves and all others similarly
situated,

                   Plaintiffs,

      v.

DYCOM INDUSTRIES, INC., a Florida
corporation; PRINCE TELECOM, LLC, a
Delaware limited liability company, f/k/a
PRINCE TELECOM, INC.,

                   Defendants.

NO. C09-0606 MJP

**[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL AND
DISMISSAL WITH PREJUDICE**

WHEREAS, on January 8, 2010, this Court entered its Order Preliminarily Approving
Settlement, Directing Issuance of Class Notice, and Scheduling Fairness Hearing (Dkt. No. 29)
(the "Preliminary Order"); and

WHEREAS, individual notice complying with Rule 23 was sent to the last-known
address of each reasonably identifiable member of the Settlement Class, and where follow-up
procedures outlined in the Stipulation of Settlement and approved by the Preliminary Order
have been completed; and

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 1
CASE NO. C09-0606 MJP

1   WHEREAS, a fairness hearing on final approval of the settlement was held before the

2   Court on April 23, 2010; and

3   WHEREAS, no objections to the settlement were made by any member of the

4   Settlement Class; and

5   WHEREAS, the Court, being advised, finds that good cause exists for entry of the

6   below Order; now, therefore,

7   IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

8   1.      Unless otherwise provided herein, all capitalized terms in this Order shall have

9   the same meaning as set forth in the Stipulation of Settlement previously filed with this Court.

10   2.      The Court finds that notice to the Settlement Class has been completed in

11   conformity with the Preliminary Order.  The Court finds that this notice was the best notice

12   practicable under the circumstances, that it provided due and adequate notice of the

13   proceedings and of the matters set forth therein, and that it fully satisfied all applicable

14   requirements of law and due process.

15   3.      The Court finds it has personal and subject matter jurisdiction over all claims

16   asserted in the Action with respect to all members of the Settlement Class.

17   4.      The settlement of the Action on the terms set forth in the Stipulation of

18   Settlement is approved as being fair, adequate, and reasonable in light of the degree of recovery

19   obtained in relation to the risks faced by the Settlement Class in litigating the claims.  The

20   settling Plaintiffs are properly certified as a class as part of this settlement.  The relief provided

21   to the settling Plaintiffs under the Stipulation of Settlement is appropriate as to the individual

22   members of the settling Plaintiffs and as a whole.

23   5.      The Court approves enhancement awards of $1,000 each to the four Class

24   Representatives for a total of $4,000, which shall come out of the GFV.  The enhancement

25   awards are fair and reasonable and will compensate the Class Representatives for their time and

26   effort and the risk they undertook in prosecuting these cases.  The enhancement awards shall be

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 2
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1  paid to the Class Representatives in addition to any shares of the NFV to which the Class

2  Representatives are entitled as Qualified Claimants.

3          6.      The Court approves the payment of fees and costs to Class Counsel as fair and

4  reasonable based on both the "percentage of the fund" method and "lodestar method," which

5  courts use to determine the reasonableness of fees.  The Court reaches this conclusion after

6  analyzing the number of hours Class Counsel reasonably expended on the litigation multiplied

7  by counsel's reasonable hourly rates.  The Court has also taken into consideration such factors

8  as the difficulty of the issues involved, the requisite legal skill necessary to prosecute the

9  litigation, the preclusion of other employment due to acceptance of the case, the contingent

10  nature of the fee, and the experience and ability of counsel.

11          7.      The settlement is binding on all Settlement Class Members, who are generally

12  defined as all current and former employees of Prince Telecom who have worked as non-

13  managerial installation technicians in the State of Washington from May 1, 2005 through

14  December 18, 2009, who did not exclude themselves from the settlement in a timely manner,

15  and who are otherwise not disqualified pursuant to the terms of the Stipulation of Settlement.

16          8.      Each member of the Settlement Class who submits a valid and timely Claim

17  Form shall be entitled to receive a proportionate share of the NFV.  Any Settlement Class

18  Member who fails to submit a valid and timely Claim Form will not receive a share of the NFV

19  but will be bound nevertheless by the terms of the Stipulation of Settlement.

20          9.      All Settlement Class Members are bound by the terms of the Stipulation of

21  Settlement.  As of the settlement's Effective Date, all Settlement Class Members shall

22  conclusively be deemed to have irrevocably released, relinquished, and forever discharged all

23  claims against all released individuals as set forth in the Stipulation of Settlement.  The

24  Stipulation of Settlement provides:  Upon final approval by the Court, the Settlement Class,

25  including each Settlement Class Member who has not submitted a timely and valid written

26  request to opt out of the Settlement, will release, to the extent permitted by law, Dycom

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 3
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    Industries, Inc., Prince Telecom, LLC, and each of their present and former affiliates, parent

2    companies, subsidiaries, shareholders, officers, partners, directors, members, servants, agents,

3    shareholders, employees, representatives, accountants, insurers, and attorneys, past, present,

4    and future, and all persons acting under, by, through, or in concern with any of them, from any

5    and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys'

6    fees, damages, action or causes of action contingent or accrued for, or which arise from or are

7    reasonably connected with the factual allegations and claims asserted in the Action including,

8    without limitation, any and all claims for alleged wage and hour violations or unfair or

9    deceptive acts and practices under Washington or federal law, including claims under RCW

10   49.46.130, RCW 49.46.090, RCW 49.12.020, RCW 49.28.010, RCW 49.12.450, RCW

11   49.12.020, RCW 49.52.050, RCW 19.86.010-.920, WAC 296-128-550, WAC 296-126-021,

12   WAC 296-126-092, WAC 296-126-025, WAC 296-126-028, 29 U.S.C.A. §§201–219, claims

13   for restitution and other equitable relief, liquidated damages, punitive damages, penalties under

14   Washington or federal law of any nature whatsoever, or any other benefit claimed on account

15   of the allegations asserted in the Action arising from May 1, 2005 through December 18, 2009.

16        10.    As of the Effective Settlement Date, all Settlement Class Members are forever

17   barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly

18   or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by the

19   Stipulation of Settlement or barred by the entry of judgment in this action.

20        11.    Neither this Order nor any aspect of the Stipulation of Settlement is to be

21   construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the

22   part of Defendants.  Defendants specifically deny any liability.  Each of the Parties to the

23   settlement entered into the Stipulation of Settlement with the intention to avoid further disputes

24   and litigation with the attendant inconvenience and expenses.

25

26

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 4
CASE NO. C09-0606 MJP

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

12.     The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party.  The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Stipulation of Settlement.

13.     The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Stipulation of Settlement and the rights of Class counsel to seek the payment of fees and costs provided for in the Stipulation of Settlement.  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise under the Stipulation of Settlement.

DONE IN OPEN COURT this _____ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

TERRELL MARSHALL & DAUDT PLLC

By: /s/ Toby J. Marshall, WSBA #32726
    Beth E. Terrell, WSBA #26759
    Email: bterrell@tmdlegal.com
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@tmdlegal.com
    Jennifer R. Murray, WSBA #36983
    Email: jmurray@tmdlegal.com
    3600 Fremont Avenue North
    Seattle, Washington  98103
    Telephone: 206.816.6603
    Facsimile: 206.350.3528

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 5
CASE NO. C09-0606 MJP

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   Darrell W. Scott, WSBA #20241
    Email: darrellscott@mac.com
2   Matthew J. Zuchetto, WSBA #33404
    Email: matthewzuchetto@mac.com
3   THE SCOTT LAW GROUP, PS
    926 West Sprague Avenue, Suite 680
4   Spokane, Washington  99201
    Telephone: 509.455.3966
5   Facsimile: 509.455.3906

6
    *Attorneys for Plaintiffs*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 6
CASE NO. C09-0606 MJP

**CERTIFICATE OF SERVICE**

1

2          I, Toby J. Marshall, hereby certify that on April 19, 2010, I electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the following:

5
           Stellman Keehnel
6          Email: stellman.keehnel@dlapiper.com
           Nicole Tadano
7          Email: nicole.tadano@dlapiper.com
           DLA PIPER US LLP
8          701 Fifth Ave., Suite 7000
           Seattle, Washington  98104-7044
9

10         Grant Alexander
           Email: grant.alexander@dlapiper.com
11         Eric S. Beane
           Email: eric.beane@dlapiper.com
12         DLA PIPER US LLP
           1999 Avenue of the Stars, Suite 400
13         Los Angeles, California  90067-6023

14
           *Attorneys for Defendants*
15
           DATED this 19th day of April, 2010.
16
                                      TERRELL MARSHALL & DAUDT PLLC
17

18
                                      By: _/s/ Toby J. Marshall, WSBA #32726___
19                                        Toby J. Marshall, WSBA #32726
                                          Email: tmarshall@tmdlegal.com
20                                        3600 Fremont Avenue North
                                          Seattle, Washington  98103
21                                        Telephone: 206.816.6603
                                          Facsimile: 206.350.3528
22

23                                    *Attorneys for Plaintiffs*

24

25

26

[PROPOSED] ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE - 7
CASE NO. C09-0606 MJP